# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

TAKETA BEARD                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10CV-99-S

CORRECTIONAL MEDICAL SERVICES *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the complaint[1] pursuant to 28 U.S.C.

§ 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that

follow, the complaint will be dismissed, but the Court will allow Plaintiff to amend her

complaint.

## I.

Plaintiff Taketa Beard filed a *pro se* complaint against Correctional Medical Services

(CMS) and the Louisville Metro Corrections/Jefferson County Jail (LMDC). She complains

about incidents which purportedly happened during her incarceration at the LMDC from October

10, 2007, through October 7, 2009. As the grounds for filing this action in federal court against

CMS, Plaintiff claims: "I suffered medical neglect under the care of CMS staff As well as verbal

emotional abuse by CMS staff – all on grievances – witnesses [and was] given improper

medications." As grounds for filing this suit in federal court against LMDC, she asserts,

> I feel my constitutional and civil rights were violated by Correctional Officers
> when I was deprived of food and sexually harrassed etc. I am disabled and
> require the use of a wheelchair that I was deprived of there are no rails on toilets
> or in the showers in the medical dorm or any dorm or cells where I was housed
> and I fell numerous times during my stay at LMDC.

---

[1] By Order entered July 12, 2010, the Court consolidated this lead action with 3:10CV-100-S.
The two complaints have been combined as Document No. 1 in the instant action and are being reviewed
together (DN 1).

More specifically with respect to the allegations against CMS, Plaintiff alleges that during her incarceration at LMDC she was given improper medications and was both over-medicated and under-medicated; was deprived of her wheelchair and had several falls and seizures that required medical attention; contracted athlete's foot but did not receive medication in a timely manner; was cursed at by CMS staff; had medical requests that were either returned to her or not picked up; sustained blows to her head on November 29, 2007, in a physical assault by an another inmate and later experienced seizures but received no medical care; on June 5, 2008, "sustained injury and pain" to her neck and back when a garage door fell on the LMDC van windshield but received no medical attention; and finally, she "had a suicide on 10-13-07 due to lack of medication and pain was taken to UofL hospital no hold to watch me returned straight back to jail."

As to the factual allegations against LMDC, Plaintiff reports that Officer Bonneau did not feed her numerous times while she was in a single cell; that Officer Pate threatened her life; that Sergeant Langford looked at her naked body "intentionally several times peeping around a corner in J-D Dorm 7"; and that she sustained several falls and seizures that required medical attention that she did not receive from "CO's nor their 'medical' staff." She further alleges that on November 29th, "while in J-2 Dorm 4 single cells under Srgnt Jones shift" several inmates were out at one time, although policy requires only one inmate out at a time. Plaintiff reports that she "ended up in a physical altercation with an inmate where I was hit in the head numerous times, later having seizures and no medical attention was given."

As relief, Plaintiff asks that CMS staff take better care of inmates at LMDC; that the staff "who broke the laws and policies" be reprimanded; for an apology; and for an unspecified amount of compensation.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Because Plaintiff sues LMDC, a municipal entity, and CMS, its contracted medical provider,[2] for alleged violations of her federal constitutional rights, the Court construes the action as being brought pursuant to 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (explaining that § 1983 provides the exclusive remedy for constitutional claims

---

[2]"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

4

brought against state and local officials and local units of government), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

Defendant LMDC, however, is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that the county police department is not an entity which may be sued); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, it is the municipality itself that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). In the instant case, the proper defendant is the Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

This same analysis applies to the § 1983 claims against CMS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff has not alleged that the CMS medical staff or LMDC corrections officers acted pursuant to a policy or custom in causing any alleged harm. In fact, she specifically alleges on one occasion that policy was not followed, and as one form of relief, she asks that staff "who broke the laws and policies" be reprimanded. Nothing in the complaint demonstrates that the action or inaction of any medical personnel or corrections officer occurred as a result of a policy or custom implemented or endorsed by CMS or the Louisville Metro Government. While the absence of rails on the toilet and in the showers is necessarily attributed to LMDC, Plaintiff alleges only that she fell and describes no injury due to this condition, and she does not allege that her wheelchair was taken per jail policy. Accordingly, the complaint fails to establish a basis of liability against the Louisville Metro Government and CMS and, therefore, fails to state a cognizable § 1983 claim.

The Court will provide Plaintiff with an opportunity to amend her complaint should she wish to name those individuals personally responsible for the claims raised in her complaint. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

## IV.

For these reasons, **IT IS ORDERED** that the claims against LMDC and CMS are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff shall have **30 days** from the entry of this Order to amend her complaint to name as defendants any persons she contends are responsible for the deprivations alleged in her complaint. Plaintiff is **WARNED** that failure to amend her complaint within the allotted time will result in dismissal of the action.

To assist Plaintiff, the **Clerk of Court is DIRECTED** to affix this case number on a 42

U.S.C. § 1983 form and mail it to Plaintiff.

Date:

cc:     Plaintiff, *pro se*
4411.005